IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ministry of Information )
State of Kuwait )
2600 Virginia Avenue, N.W., Suite 404 )
Washington, DC 20037, )
  )
    Plaintiff, )
  )
v. ) Case No.
  )
TORY RANDALL )
5120 Observation Way )
Alexandria, VA 22312, )
  )
    Defendant. )
_____)

## COMPLAINT

COMES NOW THE PLAINTIFF, the Ministry of Information of the State of Kuwait, by and through its counsel, John W. Hermina, Esquire, and Hermina Law Group, and complains unto this Honorable Court as follows:

1. Jurisdiction and venue are proper in this Honorable Court. The Plaintiff is a foreign ministry with representation in the District of Columbia. Although the Defendant resides in Virginia, the relationship of the parties was formed in the District of Columbia and the fraudulent and tortious actions complained of herein were committed by the Defendant in the District of Columbia.

2. For that Defendant Tory Randall had a contractual relationship with the Ministry of Information's Kuwait Information Office ("KIO"), which relationship began on or about September 1, 2002. KIO is part of the Embassy of the State of

1

Kuwait, which is the foreign mission representing Kuwait in and to the United States. Defendant Randall undertook to act as a Public Affairs Advisor to the KIO.

3. Defendant Tony Randall's employment relationship with KIO continued through early 2004 when the following fraudulent transactions were discovered.

4. On or about February 25, 2004, Defendant Randall falsely claimed that a company called Dish Financial Services was somehow connected with DISH NETWORK ("DISH"). Randall also falsely claimed that Dish Financial would receive funds on behalf of DISH in payment upon a contract that Randall created with DISH.

5. In truth and in fact, Dish Financial was a fictitious entity set up by Randall to defraud the KIO. As a result of this fraud, Randall received $45,000.00 under this false pretense. That money was never forwarded to DISH.

6. Randall had set up a contract with DISH for DISH to receive $40,000.00 per month. Randall concealed all of these facts from KIO. Thus, Randall intended to keep $5,000.00 of KIO's funds under this fraudulent scheme.

7. Also as a result of the fraudulent transaction with DISH, that Company has threatened to sue KIO for $813,629.97.

8. The KIO is entrusted was a number of tasks, including promoting the strong relationship and ties between the United States and its ally, the State of Kuwait. Thus, KIO assigned Defendant Randall, from time to time, to place

goodwill newspaper and other advertisements for dissemination to the American public.

9. Defendant Randal, through an entity called "Embassy Research", instructed the various newspapers to kickback funds to Embassy research under the auspices that Embassy Research was an agent for the Embassy authorized to accept a fee. An example of this was discovered on April 27, 2004. Randall had written the Washington Post and stated:

> "This ad is being done by Embassy Research for the Embassy. However, the Embassy will be writing the check directly to the Washington Post. The gross price will be paid *and the net will be issued from the Washington Post to Embassy Research*."

10. In other instances, Defendant Randall used his Virginia address to receive payments and correspondence and continued to intentionally omit any mention of the kickbacks. A letter agreement between "Embassy Research" and Randall was drafted for this purpose.

## COUNT ONE
## FRAUD

11. The Plaintiff incorporates by reference all of the allegations made above as if fully set forth herein and further states:

12. For that Plaintiff trusted that Randall would act faithfully and to perform his assignments honestly without harming KIO's financial interests, its business, name, or reputation.

13. Randall made the aforementioned representations and omissions and KIO was entitled to justifiably rely upon such representations and omissions. The

representations and omissions were made intentionally and were made with actual malice, or its equivalent. The said acts were intended to harm KIO financially, and such acts and omissions caused factually and legally substantial financial harm to KIO.

WHEREFORE, your Plaintiff respectfully requests a judgment against the Defendant in the amount of $1,000,000.00 in compensatory damages, and $10,000,000.00 in punitive damages.

COUNT TWO
BREACH OF CONTRACT
AND OF THE IMPLIED COVENANT OF GOOD FAITH
AND FAIR DEALINGS

14. The Plaintiff incorporates by reference all of the allegations made above as if fully set forth herein and further states:

15. For that Defendant Randall had a contract with KIO, which contract was renewed up until the time the fraud was discovered.

16. Implied in the contract was a covenant of good faith and fair dealings, which required Randall to act honestly and not to double-deal and take kickbacks for himself.

17. Randall breached the said covenant when he fraudulently set up fictitious names and accounts designed solely to receive funds belonging to his employer. As a result of Randall's breach of the implied covenant of good faith and fair dealings, KIO lost significant funds.

18. Additionally, Randall agreed expressly to "adhere to the provisions of the Staff Regulations" of Embassy employees, which he knew required him to act honestly and with integrity, not to double-deal, and not engage in activities that

are in conflict with KIO, and, specifically, to "not perform any duties for any other party with or without salary even during off-duty hours". In short, Randall was required to "safeguard the interests and properties of the mission". Instead of safeguarding the interests and properties of the mission, Randall set out to rob the Embassy, and this conduct is clearly in violation with his contract with the Embassy.

WHEREFORE, your Plaintiff respectfully requests a judgment against the Defendant in the amount of $1,000,000.00 in compensatory damages, and $10,000,000.00 in punitive damages.

Respectfully Submitted,

THE PLAINTIFF,

BY: _____

COUNSEL FOR THE
MINISTRY OF
INFORMATION
State of Kuwait
John W. Hermina, Esquire
Bar No. 421790
& Hermina Law Group
Laurel Lakes Executive Park
8327 Cherry Lane
Laurel, Maryland 20707
301-206-3166

JS-44
(Rev. 2/01 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Ministry of Information
State of Kuwait
2600 Virginia Avenue, N.W. Suite 404
Washington DC 20037

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Tory Randall
5120 Observation Way
Alexandria, Va 22312

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John W. Hermina
8327 Cherry Lane
Laurel, Maryland 20707

ATTORNEYS (IF KNOWN)

## II BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

|  ☐ G. *Habeas Corpus/2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☒ M. *Contract* | ☐ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $   Check YES only if demanded in complaint  JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE 10-16-06   SIGNATURE OF ATTORNEY OF RECORD [signature]

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.